IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:08-CR-142-WKW |
| ) | [WO] |
| RAY CHARLES MURRAY ) | |

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(B) AND § 404(b) OF THE FIRST STEP ACT**

Before the court is Defendant Ray Charles Murray's motion for retroactive application of the Fair Sentencing Act of 2010 and a reduction of his sentence to time served. *See* First Step Act of 2010, Pub. L. No. 111 220, 124 Stat. 2372; (Doc. # 74; *see also* Doc. # 76).) Mr. Murray brings his motion pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). For the reasons to follow, Mr. Murray is eligible for relief under the First Step Act, and a sentence reduction is warranted. Accordingly, Mr. Murray's sentence will be reduced to time served plus 9 days, and his term of supervised release will be reduced to 8 years.

**I. BACKGROUND**

In June 2008, a federal grand jury indicted Mr. Murray on four charges. Two are relevant here. Count Two charged Mr. Murray with distributing and possessing with intent to distribute more than 50 grams of cocaine base, also known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1). Additionally, Count Four charged

Mr. Murray with using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Doc. # 3 (Indictment).)

At the time of Mr. Murray's offense, Count Two carried a statutory sentencing range of 10 years to life, and a supervised release term of at least 5 years.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2008).  However, the Government filed an information notifying Mr. Murray of its intent to rely on his prior felony drug conviction to enhance his statutory sentencing range to 20 years to life pursuant to 21 U.S.C. § 851(a).  *See* § 841(b)(1)(A)(iii) (2008); (Doc. # 25.)  The term of supervised release also increased to at least ten years.  *See* § 841(b)(1)(A)(iii) (2008).  Count Four carried a statutory sentencing range of 5 years to life imprisonment, and a supervised release term of at least 5 years.  (Doc. # 62 ¶¶ 55, 58 (Presentence Investigation Report).)

Thereafter, Mr. Murray entered into a written plea agreement with the Government pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure.  (Doc. # 43 (Plea Agreement).)  The parties agreed that Mr. Murray would plead guilty to Counts Two and Four and that the Government would dismiss Counts One and Three.  They also agreed to a 20-year sentence on Count Two and that, for purposes of calculating his base offense level under U.S.S.G. § 2D1.1, Mr. Murray possessed no more than 521 grams of cocaine base.  (Doc. # 43, at 4–6.)

The Presentence Investigation Report ("PSR") attributed 521.33 grams of cocaine base, 9.77 grams of marijuana, 1 gram of cocaine powder, 60 hydrocodone

tablets, and 3 tablets of Alprazolam to Mr. Murray for purposes of the Sentencing Guidelines calculations. These drug amounts, when converted to their marijuana equivalencies, resulted in a base offense level of 34. After a 3-level reduction for acceptance of responsibility, Mr. Murray's total offense level was 31. Based on a total offense level of 31 and a criminal history category of IV, Mr. Murray's guideline range of imprisonment on Count Two would have been 151 to 188 months; however, because his enhanced statutory minimum sentence of 240 months exceeded the guideline range, the guideline range became 240 months. *See* U.S.S.G. § 5G1.1(b); (Doc. # 62 ¶ 56 (PSR).) Mr. Murray also was subject to a mandatory consecutive 5-year sentence on the § 924(c) conviction. (Doc. # 62 ¶ 56; U.S.S.G. § 2K2.4.)

At the sentencing hearing held on November 12, 2009, the sentencing court accepted the plea agreement, adopted the findings in the PSR, and granted Mr. Murray a 60-month downward departure. As a result, Mr. Murray was sentenced to 240 months' imprisonment, consisting of 180 months on Count Two and 60 months on Count Four, to be served consecutively to Count Two. (Doc. # 59 (Criminal J.); Doc. # 65 (Am. Criminal J.).) Mr. Murray also was sentenced to a 10-year term of supervised release on Count Two and a concurrent 5-year term on Count Four. (Docs. # 59, 65.) The judgment was imposed on November 12, 2009, and a clerical error in the forfeiture provision was corrected by an amended judgment on April 25, 2011. (Docs. # 59, 65.)

Mr. Murray presently is incarcerated at a low security federal correctional institution. His projected good-time release date is May 29, 2025. *See* https://www.bop.gov/ inmateloc/ (last visited Nov. 16, 2020).

## II. DISCUSSION

### A. General Statutory Principles

"A district court lacks the inherent authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citation omitted). However, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." § 3582(c)(1)(B). Here, the First Step Act expressly permits district courts "to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act" of 2010.[1] *Jones*, 962 F.3d at 1297.

Retroactive application of the Fair Sentencing Act through the First Step Act is available to defendants who were convicted of a "covered offense." Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of

---

[1] The Fair Sentencing Act amended the statutory penalties in 21 U.S.C. § 841(b)(1) in order to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act); *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging the crack versus powder sentencing disparity).

the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act § 404(a). In *Jones*, the Eleventh Circuit explained what it takes to be eligible for a sentence reduction under § 404: "To be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'" 962 F.3d at 1298 (citing First Step Act § 404(a)–(b)). "A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Id.* The Eleventh Circuit continued:

> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. From these sources, the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

*Id.* at 1300–01. The *Jones* holding—that a defendant has a "covered offense" if his "offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"—does not permit the district court to consider the "actual quantity of crack cocaine involved in [the movant's] violation." *Id.* at 1301. The Eleventh Circuit explained: "The actual drug-quantity involved in the movant's offense is irrelevant as far as the element and the *offense* are concerned. The actual quantity is only the *means* of satisfying the drug-quantity element. That quantity constitutes relevant conduct under the Sentencing Guidelines, but it does not define the offense." *Id.* (internal citations omitted); *see also United States v. Ingram*, No. 19-11257, 2020 WL

5

6059658, at *2 (11th Cir. Oct. 14, 2020) ("The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a 'covered offense.'" (citing *Jones*, 962 F.3d at 1301–02)).

Relevant here, § 2 of the Fair Sentencing Act lowered the statutory penalties for certain crack-cocaine offenses by increasing the threshold drug amounts.[2] Specifically, § 2(a) of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum . . . ." *Dorsey v. United States*, 567 U.S. 260, 269 (2012); *compare* § 841(b)(1)(A)(iii) (2008) *with* § 841(b)(1)(A)(iii) (Aug. 3, 2010); *compare* § 841(b)(1)(B)(iii) (2008) *with* § 841(b)(1)(B)(iii) (Aug. 3, 2010).

A defendant who satisfies the "covered offense" requirement, however, is not automatically entitled to a reduction of his sentence. *Jones*, 962 F.3d at 1303. He also must meet § 404(b)'s "as if" qualifier: Any reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b) (emphasis added).

If both the foregoing requirements are met—*i.e.*, the "covered offense" and "as if" qualifiers— "[t]he First Step Act grants the district court discretion to reduce

---

[2] Section 3 of the Fair Sentencing Act, which is not relevant here, modified the penalties for simple possession of crack cocaine under 21 U.S.C. § 844(a).

6

a sentence but does not require a reduction." *United States v. Denson*, 963 F.3d 1080, 1086–87 (11th Cir. 2020); *see also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence."). The First Step Act "leaves the choice of whether to resentence and to what extent to the district court's sound discretion." *Denson*, 963 F.3d at 1087. In exercising its discretion, the district court "may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304. Additionally, under the First Step Act, a defendant seeking a sentence reduction is not entitled to a hearing. *Denson*, 963 F.3d at 1086.

B. **Mr. Murray's Motion for a Sentence Reduction**

The discussion of Mr. Murray's motion is divided into three parts. The first part establishes Mr. Murray's eligibility for a sentence reduction on Count Two. The second part demonstrates the court's authority to reduce Mr. Murray's sentence. The third part assesses the § 3553(a) factors on the issue of whether a reduction is warranted.

1. **Mr. Murray is eligible for a sentence reduction.**

The parties agree, and they are correct, that Mr. Murray's cocaine-base offense in Count Two is a "covered offense" under the First Step Act; therefore, he is eligible for a sentence reduction.[3]

---

[3] Count Four—the firearms charge under § 924(c)—is not a "covered offense," and Mr. Murray, who has served 12 years of his sentence, has satisfied his 5-year sentence on Count Four.

Mr. Murray was charged and was convicted on his guilty plea for a drug-trafficking offense involving more than 50 grams or more of cocaine base, in violation of § 841(a)(1).  (Docs. # 3, 59.)  Because Mr. Murray committed this offense and was sentenced prior to August 3, 2010 (the effective date of the Fair Sentencing Act),[4] his conviction on Count Two triggered the higher penalties in § 841(b)(1)(A)(iii) for offenses involving 50 grams or more of cocaine base.  He, thus, was subject to a statutory sentencing range of 10 years to life, which was enhanced to 20 years to life based on his prior felony drug conviction. § 841(b)(1)(A)(iii) (2008); § 851.  Had § 2(a) of the Fair Sentencing Act been in effect at the time of sentencing, Mr. Murray's statutory sentencing range would have been governed by § 841(b)(1)(B)(iii), which provides the penalties for a § 841(a) violation involving 28 grams but less than 280 grams of cocaine base.  Under § 841(b)(1)(B)(iii), as amended by the Fair Sentencing Act, the 10-years-to-life sentencing range decreased to 5 to 40 years, and the enhanced mandatory minimum

---

*See United States v. Briscoe*, 724 F. App'x 796, 799 (11th Cir. 2018) ("[A] mandatory consecutive sentence under § 924(c) must be served before any other sentence for the companion crime of violence or drug trafficking offense.").

[4] In *Dorsey v. United States*, 567 U.S. 260, 264 (2012), the Supreme Court held that the Fair Sentencing Act's reduced statutory penalties applied to a defendant who committed an offense prior to August 3, 2010, but who was sentenced after the Fair Sentencing Act's effective date.  *See United States v. Hudson*, 685 F.3d 1260 (11th Cir. 2012) (en banc) (noting that the Supreme Court in *Dorsey* resolved in this circuit whether the Fair Sentencing Act "applies to defendants sentenced after the Act's effective date of August 3, 2010, but whose conduct occurred before that date"). Because Mr. Murray was sentenced prior to August 3, 2010, his statutory penalties were unaffected by *Dorsey*'s holding.  In other words, the reductions under the Fair Sentencing Act did not apply to Mr. Murray until the First Step Act made those reductions retroactive.

for a prior felony drug conviction decreased from 20 years to 10 years. Hence, the statutory penalty range for Mr. Murray's offenses was 20 years to life imprisonment prior to the Fair Sentencing Act, and it is 10 years to life imprisonment after the Fair Sentencing Act. Because Mr. Murray was sentenced for an § 841(a) violation involving an offense for which the Fair Sentencing Act modified the statutory penalties, his offense in Count Two qualifies as a "covered offense."

**2.    The First Step Act authorizes a reduction in Mr. Murray's sentence on Count Two.**

The First Step Act authorizes (but does not require) the district court to reduce a term of imprisonment if the movant satisfies § 404(b)'s "as if" qualifier: "Any reduction must be '*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Jones*, 962 F.3d at 1303 (quoting First Step Act § 404(b)) (emphasis added). The *Jones* court explained that the "as-if" requirement imposes two limitations on the district court's authority to reduce a sentence. First, the First Step Act "does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Id.* at 1303. "If the movant's sentence would have necessarily remained the same had the Fair Sentencing Act

9

been in effect, then the district court lacks the authority to reduce the movant's sentence." *Id.*

The Government argues that the district court does not have the authority to reduce Mr. Murray's sentence. Focusing on *Jones*'s second limitation, the Government contends that the sentencing court's finding that held Mr. Murray accountable for 521 grams of cocaine base is binding. Referring to § 841(b)'s statutory penalties, the Government argues that no matter "[w]hether the drug quantity threshold is 50 grams or 280 grams, Murray's 531 [sic] grams of cocaine base is over it." (Doc. # 85, at 4.) According to the Government, Mr. Murray "would have faced the same exact sentence" if the Fair Sentencing Act had been in effect when he was sentenced. (Doc. # 85, at 4–5.) It also analogizes Mr. Murray's circumstances to those of two of the defendants in *Jones*, Steven Jones and Warren Jackson. The Government's argument is not persuasive, and Jones's and Jackson's circumstances are distinguishable from Mr. Murray's.

Notwithstanding that Jones and Jackson were each convicted of a "covered offense," the district court did not have the authority to reduce their sentences. Their sentences were handed down prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 490. Pre-*Apprendi*, the statutory penalty hinged on the sentencing judge's drug-quantity finding. *See Jones*,

10

962 F.3d at 1293–95; *see also United States v. Wilson*, No. 19-12783, 2020 WL 6054951, at *3 (11th Cir. Oct. 14, 2020) (explaining that "the Constitution d[id] not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*") (citing *Jones*, 962 F.3d at 1303–04).  As to defendant Jones, the Eleventh Circuit rejected his argument that the drug-quantity finding made by the court, rather than by the jury, "meant that his statutory range should be zero to 20 years of imprisonment." *Jones*, 962 F.3d at 1304.  Jones could not relitigate the drug-quantity finding because it was "used to determine [his] *statutory penalty* at the time of sentencing." *Id.* at 1303 (emphasis added).  Additionally, as to defendant Jackson, the earlier "drug-quantity meant that he would face the same statutory penalty of life imprisonment under the Fair Sentencing Act." *Id.* at 1304.  Because Jones's and Jackson's sentences "would have necessarily remained the same had the Fair Sentencing Act been in effect," the district court did not have the authority to reduce their sentences. *Id.* at 1303.

Contrary to the Government's arguments, the foregoing limitation does not apply here.  Unlike Jones and Jackson, Mr. Murray was sentenced after the Supreme Court's decision in *Apprendi*.  He is not challenging a sentencing court's pre-*Apprendi* drug-quantity finding that was used to establish the statutory penalties for his offense.  The sentencing court's drug-quantity finding—to which Mr. Murray stipulated—was made for purposes of establishing his base offense level under the Sentencing Guidelines. (*See, e.g.*, Doc. # 43 ¶ 1(f) (setting forth the parties'

11

agreement that "the calculation of the defendant's offense level as to Count 2 using the Drug Quantity Table at U.S.S.G. § 2D1.1 shall be limited to the approximately 521 grams of cocaine base possessed by the defendant on May 14, 2008 . . . .").) The drug-quantity finding did not bear on the statutory penalties. Hence, Mr. Murray's sentence would *not* "have necessarily remained the same had the Fair Sentencing Act been in effect." *Jones*, 962 F.3d at 1303; *see also United States v. Gillon*, No. 19-15016, 2020 WL 5371558, at *2 (11th Cir. Sept. 8, 2020) ("Because Gillon's sentence of 190 months of imprisonment exceeded the statutory mandatory-minimum sentence of 10 years of imprisonment provided in the Fair Sentencing Act, the district court had the authority to reduce his sentence under the First Step Act.").

Accordingly, the court has authority to reduce Mr. Murray's sentence on Count Two under the First Step Act.

### 3. The § 3553(a) factors warrant a sentence reduction.

The court has reviewed carefully the PSR, the sentencing record, and Mr. Murray's records from the Bureau of Prisons. It also has considered the sentencing factors in § 3553(a)—including the nature and circumstances of the offense, the aims of deterrence and punishment, and Mr. Murray's criminal history, age, post-sentencing conduct, and rehabilitative efforts. *See* § 3553(a); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) ("[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress

has expressly instructed district courts to consider at sentencing."). The balancing of the § 3553(a) factors warrants a reduction in Mr. Murray's sentence.[5]

To begin, Mr. Murray committed a serious drug offense, which because of the drug amounts and his prior felony drug conviction, Congress at the time saw fit to impose a 20-year minimum sentence. However, Congress now has cut in half the statutory mandatory minimum. At his sentencing hearing in 2009, Mr. Murray received a 180-month sentence on Count Two. This sentence encompassed a downward departure of 60 months from the statutory mandatory minimum of 240 months. He also received a consecutive sentence of 60 months on Count Four, for a total sentence of 20 years. If sentenced comparably under the Fair Sentencing Act, a downward departure of 60 months from the mandatory minimum of 120 months on Count Two, plus the consecutive sentence of 60 months on Count Four, would yield a sentence of 12 years.

Mr. Murray, who is 65 years old, has served 12 years of his 20-year sentence and has a projected good-time release date in May 2025. Although he has received one disciplinary infraction, it was relatively minor (Doc. # 74-7), and overall, Mr. Murray's behavior in federal prison has been compliant.[6] Moreover, Mr. Murray

---

[5] The Government did not address the § 3553(a) factors. (*See* Doc. # 85.)

[6] Mr. Murray has been in federal custody since June 2014. (Doc. # 67.) Because Mr. Murray's federal sentence ran concurrently with his state sentence on related charges (*see* Doc. # 65, at 2) and because he was in secondary federal custody under a writ of *habeas corpus ad prosequendum*, Mr. Murray served a portion of his federal sentence while in state custody (Doc. # 67).

has taken advantage of educational opportunities while in federal custody. He has completed 47 educational courses and has earned additional certificates for completing programs, such as the Non-Residential Drug Abuse Program. (Doc. # 74.)

Overall, the court finds that a sentence of time served plus 9 days is sufficient but not greater than necessary to reflect the seriousness of Mr. Murray's offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence.[7] *See* § 3553(a)(1)–(2). Mr. Murray also will be subject to eight years of supervised release to help him transition from prison to society on the same terms and conditions set at sentencing. *See United States v. Cruz*, 248 F. App'x 76, 76 (11th Cir. 2007) (providing that 18 U.S.C. § 3683(a) "empowers a sentencing court to include a term of supervised release as part of a sentence"). The remainder of Mr. Murray's sentence will remain unchanged.

### III. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Mr. Murray's motion for a sentence reduction (Doc. # 74) is GRANTED;

(2) Mr. Murray's sentence imposed on November 12, 2009 (Doc. # 59; *see*

---

[7] The 9-day period will assist Mr. Murray in finalizing his release plans (*see* Doc. # 76) and will permit the Bureau of Prisons time to satisfy any statutory obligations.

*also* Doc. # 65), is REDUCED to time served plus 9 days, for a release date of **November 25, 2020**;

  (3) Mr. Murray's term of supervised release is reduced from 10 years to 8 years on the same terms and conditions originally ordered; and

  (4) All other provisions of the judgment imposed on November 12, 2009, as amended (Docs. # 59, 65), shall remain in effect.

  An amended judgment will be entered separately.

  DONE this 16th day of November, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
